O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTIAN ALEXANDER SANDFORD,

Plaintiff,

v.

CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. LA CV 15-0900 JCG

**MEMORANDUM OPINION AND ORDER**

Christian Alexander Sandford ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") improperly considered whether Plaintiff met or equaled an epilepsy listing. In particular, Plaintiff contends that the ALJ's determination that he was non-compliant with his medication regimen was not supported by substantial evidence. (S*ee* Joint Stipulation ("Joint Stip.") at 4-14, 18-20; Administrative Record ("AR") at 21-27.) For the reasons discussed below, the Court finds that reversal is not warranted.

Generally, the claimant has the burden to prove that he has an impairment that meets or equals a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "[T]o

show that [an] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The ALJ is not required to state why a claimant fails to satisfy every section of a listing as long as the ALJ adequately summarizes and evaluates the evidence. *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001).

As relevant here, Listing 11.02[1] relates to "convulsive epilepsy," and requires that the claimant have seizures "occurring more frequently than once a month in spite of at least 3 months of prescribed treatment." *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.02. "A claimant's impairment does not meet the epilepsy listing unless it 'persists despite the fact that the individual is following prescribed anticonvulsive treatment.'" *Lewis*, 236 F.3d at 513 (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00A).

Here, the ALJ provided at least three valid reasons for finding that Plaintiff failed to meet or equal the Listing.

First, the ALJ's extensive summary of the testimony and evidence related to Plaintiff's seizures was sufficient to support the conclusion that Plaintiff did not meet the persistency requirement. (AR at 21-27); *see Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990) (ALJ's single-spaced "evaluation of the evidence" was "an adequate statement of the 'foundations on which the ultimate factual conclusions [were] based'"). Importantly, the ALJ's summary specifically discussed (1) Plaintiff's testimony that he forgot to take his medication once or twice per month; (2) Plaintiff's admission to consultative examiner Dr. Soheila Benrazavi that he sometimes forgot to take his medication; (3) objective evidence mentioning a history of some

---

[1] Plaintiff also contends that the ALJ erred under Listing 11.03, which relates to "nonconvulsive epilepsy" and requires seizures more frequently than once weekly. (Joint Stip. at 5, 20); *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.03. The Court limits its review here to Listing 11.02 because Listing 11.03 was not raised before the ALJ or the Appeals Council. (AR at 52-53, 222-24); *see Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999); *Steward v. Astrue*, 2012 WL 4210624, at *4 (D. Or. Sept. 19, 2012) (claimant waived listing argument not raised before Appeals Council).

noncompliance with seizure medications; and (4) a neurologist's conclusion that Plaintiff's emergency room visit for seizures was due to missed doses of medication. (*Id*. at 22-27, 42, 427, 466, 698, 882, 888, 936); *see Lewis*, 236 F.3d at 513 (ALJ properly determined claimant did not meet Listing 11.02 even where evidence of noncompliance with prescribed treatment conflicted); *Parks v. Astrue*, 304 F. App'x 503, 505 (9th Cir. 2008) (substantial evidence supported ALJ's determination that claimant did not meet Listing 11.02 in part because of noncompliance with prescribed treatment).

Second, no physician concluded that Plaintiff met the Listing. (AR at 25-26.) Moreover, no physician opined that Plaintiff was precluded from all work except a single doctor whose opinion was discounted by the ALJ.[2] *See, e.g., Huecias v. Colvin*, 2015 WL 1005410, at *9 (C.D. Cal. Mar. 6, 2015) (noting that no physician opined that claimant met a listing or was precluded from all work except a single doctor whose opinion was discounted); *Murray v. Comm'r of Soc. Sec.*, 2009 WL 1856538, at *4 (E.D. Mich. June 25, 2009) (ALJ properly concluded claimant did not meet listing requirement in part because no physician opined that claimant had a specific work-preclusive limitation).

Third, Plaintiff was able to graduate from high school with no significant limitations caused by his seizures.[3] (AR at 27, 39, 164); *see, e.g., Murray*, 2009 WL 1856538, at *4 (ALJ properly concluded claimant did not meet listing requirement in part based on his ability to attend school); *Andrews v. Colvin*, 2014 WL 4632333, at *1, *6 (N.D. Cal. Sept. 16, 2014) (ALJ properly relied on claimant's ability to graduate

---

[2] Indeed, Dr. Benrazavi considered Plaintiff's epilepsy records and reports, and concluded that he had no neurological deficits and could perform a modified range of medium work. (AR at 25-26, 473-78.) Although Plaintiff's neurologist provided a one-sentence statement that Plaintiff is "considered permanently disabled due to refractory seizure disorder," the ALJ discounted the statement – a determination not challenged here by Plaintiff. (*Id*. at 26, 462.)

[3] The ALJ also noted that, during that time, Plaintiff unsuccessfully pursued three prior applications for child disability based on the same symptoms. (AR at 27.)

from high school despite seizures in discounting doctor's opinion that claimant had a learning disability).

Thus, the ALJ properly determined that Plaintiff did not meet or equal the Listing.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: December 01, 2015

Hon. Jay C. Gandhi
United States Magistrate Judge

*******

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

*******